IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS F. LEICHTY,<br><br>                 Petitioner,<br><br>vs.<br><br>EARL L. HOUSER, Superintendent III,<br>Goose Creek Correctional Center,<br><br>                 Respondent. | No. 3:19-cv-00283-JKS<br><br>ORDER |

      Thomas F. Leichty, a state prisoner proceeding *pro se*, filed with this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 dated September 3, 2019. Docket No. 1 ("Petition"). Leichty challenges the judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 3AN-03-7048CR. *Id.* at 1. Leichty asserts that the grounds for relief raised in his Petition have been brought in the Alaska state courts, including the Alaska Supreme Court, as required by § 2254(b). Docket No. 1 at 5-6. Based on Leichty's assertion that he had raised all grounds for relief all the way to the Alaska Supreme Court, this Court ordered Respondent to answer the Petition and provide any and all transcripts or other documents relevant to the determination of the issues presented in the application. Docket No. 7.

-1-

After reviewing the full set of documents relating to Leichty's cases in state court (which were not previously available to this Court), the Court has determined that Leichty has not exhausted certain claims he cursorily raises in his Petition. This Court may not consider claims that have not been fairly presented to the State courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Specifically, pursuant to 28 U.S.C. § 2254(b)(1)(A) and (B), before a court may grant a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State court, the petitioner must either (A) exhaust "the remedies available in the courts of the State" or (B) show "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court.

In Ground 1 of the Petition, Leichty refers to ground C of the form petition (conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure) and alleges in the fact section that his Fourth Amendment rights were violated under *Miranda v. Arizona*, 384 U.S. 436 (1966) (a suspect has a constitutional right not to speak to police after he is arrested and given his *Miranda* warnings). A review of the state court record submitted by Respondent reflects that Leichty raised this claim all the way to the Alaska Supreme Court, as required for federal habeas review.[1]

---

[1] In his answer, Respondent argues that Leichty failed to fully exhaust his *Miranda* claim because he did not raise the federal nature of it to the Alaska courts. The Court reserves ruling on this issue.

However, Leichty also cursorily lists in Ground 1 form petition grounds F (conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant), H (conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled), and I (denial of effective assistance of counsel). He provides no facts supporting these claims,[2] and a review of the recently-provided state court record indicates that Leichty has never raised these claims to the Alaska state courts. Because these grounds are listed within the Ground 1 *Miranda* claim, it is unclear to this Court whether Leichty contends that these claims are subsumed within his *Miranda* claim or are separate grounds for relief.

**IT IS THEREFORE ORDERED THAT on or before April 13, 2020,** Leichty shall elect one of the following options:

> a) voluntarily dismiss the entire Petition without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time-barred under 28 U.S.C. § 2241(d)(1);
>
> b) voluntarily dismiss the aforementioned grounds F, H, and I from the current Petition and elect to proceed only on the *Miranda* claim; **OR**

---

[2] Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." If Leichty attempts to raise separate claims based on these grounds for relief, he fails to articulate those claims or cite facts that would support an inference that his federal constitutional rights may have been violated. This Court would have to engage in a tenuous analysis in order to attempt to identify the thrust of this claim. Although *pro se* habeas filings must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), such leniency should not place on the reviewing court the entire onus of ferreting out grounds for relief, and "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief," *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[C]ursory and vague claim[s] cannot support habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 204-205 (9th Cir. 1995). Facts must be stated in the petition with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted.

c) request that the Petition be stayed pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005), if he can show (i) good cause for his failure to earlier exhaust the unexhausted claims in state court; (ii) the unexhausted claims are not plainly meritless; and (iii) he has not engaged in abusive litigation tactics or intentional delay.

**If Leichty fails to comply with this Order, the Court will adjudicate Leichty's Petition as submitted, which may result in the dismissal of the Petition. The Court defers ruling on the pending motions until Leichty elects one of the foregoing options or the expiration of the deadline to do so.**

Dated at Anchorage, Alaska this 31st day of March, 2020.

s/James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
Senior United States District Judge