IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS F. LEICHTY,<br><br>     Petitioner,<br><br> vs.<br><br>EARL L. HOUSER, Superintendent III,<br>Goose Creek Correctional Center,<br><br>     Respondent. | No. 3:19-cv-00283-JKS<br><br>MEMORANDUM DECISION |

Thomas F. Leichty, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Leichty is in the custody of the Alaska Department of Corrections ("DOC") and incarcerated at Goose Creek Correctional Center. Respondent has answered, and Leichty has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

In August 2003, Leichty was charged with two counts of first-degree sexual assault in connection with an attack on B.A., a seventeen-year-old girl, by three men in a vacant field. After two of the men had physically and sexually assaulted B.A., the third alerted the others that the police were nearby, and the three men fled the scene by foot. B.A. flagged down a police officer, who pursued the three men and eventually detained Leichty. B.A. identified Leichty as one of the three men involved in the attack, but she was unsure whether he was one of the two who had raped her. Upon B.A.'s identification, the police transported Leichty to the station for

-1-

an interview. The police were unable to immediately apprehend either of the other men involved in the attack.

During his interview, Leichty told the police that he and two other men had met a girl whose description matched that of B.A. Leichty stated that Patrick Shorty had repeatedly punched B.A. in the face before raping her. Leichty admitted that it was possible that he had also sexually assaulted B.A. Although Leichty claimed at the beginning of the interview that he could not clearly remember the events because of alcohol-induced blackouts, the interviewing officer told Leichty that he did not appear to be very intoxicated, and Leichty's description of the events and certain details matched that of B.A.'s. The police eventually arrested Shorty and obtained DNA material from both Leichty and Shorty. Shorty could not be excluded as a donor of the sperm fraction contained in the vaginal swab collected from B.A., but Leichty was excluded as a donor. Shorty's DNA was also found on Leichty's penis and shirt.

Leichty and Shorty were each indicted on two counts of first-degree sexual assault. Leichty's two sexual assault counts were later merged for trial, and Leichty and Shorty were tried together. Prior to trial, Leichty moved to suppress his statements to police on grounds alleging that the police lacked probable cause to arrest him and that his waiver of his *Miranda*[1] rights was invalid. The trial court denied the motions. Following a jury trial at which Leichty denied that he was the second man who had sex with B.A. and Shorty argued that B.A. consented to have sex with him, Leichty was found guilty of one count of first-degree sexual assault.[2]

Through counsel, Leichty appealed his conviction, arguing that his statements to law enforcement should have been suppressed because: 1) they were unlawfully obtained as a result of an illegal arrest; and 2) his *Miranda* waiver was not knowing, intelligent, and voluntary. The Alaska Court of Appeals unanimously affirmed the judgment against Leichty in a reasoned,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966) (a suspect has a constitutional right not to speak to police after he is arrested and given his *Miranda* warnings).

[2] Shorty was also found guilty of first-degree sexual assault.

unpublished memorandum opinion issued on April 15, 2009. *Leichty v. State*, No. A-9963, 2009 WL 1039833, at *2 (Alaska App. Apr. 15, 2009). Leichty petitioned for hearing in the Alaska Supreme Court, which was summarily denied on July 28, 2009.

Leichty then filed a *pro se* application for post-conviction relief ("PCR") under Alaska Criminal Rule 35.1 in which he alleged that trial counsel was ineffective. According to Leichty, trial counsel chose an unsound defense because the DNA evidence, which showed that Shorty was the likely source of the sperm sample found in a penile swab taken from Leichty, suggested that Leichty was the second man who had sexually assaulted the victim. Leichty contended that counsel should have chosen a different defense strategy, such as consent, in light of the DNA evidence and Shorty's consent defense. The superior court denied the PCR application, and the Court of Appeals affirmed the denial in a reasoned, unpublished summary disposition issued on May 22, 2019. It does not appear that Leichty petitioned for review of the PCR denial in the Alaska Supreme Court.

Leichty then timely filed a *pro se* Petition for a Writ of Habeas Corpus to this Court dated September 3, 2019. Docket No. 1 ("Petition"); *see* 28 U.S.C. § 2244(d)(1),(2). Briefing is now complete, and the Petition ripe for adjudication.

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Leichty alleges that "APD detective violated my 4th amendment Miranda rights, which was partially unreco[r]ded to incriminate and used to get a true bill in a grand jury indictment." Leichty also cites a number of grounds of relief listed in the Court's form habeas petition without elaboration: C) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; F) conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; H) conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled; and I) denial of effective assistance of counsel.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S.

Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Leichty has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where, as here, there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

## IV. DISCUSSION

### A. *Cursory Citation of Grounds for Relief*

As noted above, Leichty cites as grounds for relief in the instant Petition a number of grounds listed in the Court's form habeas petition: C) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; F) conviction obtained by the

unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; H) conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled; and I) denial of effective assistance of counsel.

In Ground 1 of the Petition, Leichty refers to ground C of the form petition (conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure) and alleges in the fact section that his Fourth Amendment rights were violated under *Miranda v. Arizona*, 384 U.S. 436 (1966) (a suspect has a constitutional right not to speak to police after he is arrested and given his *Miranda* warnings). A review of the state court record submitted by Respondent reflects that Leichty raised his invalid search and seizure and *Miranda* claims all the way to the Alaska Supreme Court, as required for federal habeas review.[3]

A review of the state court records further indicates, however, that Leichty never presented to the state courts the grounds for relief he cursorily identified as grounds F (conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant), H (conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled), and I (denial of effective assistance of counsel). Nor does he provide any facts supporting these claims.[4]

---

[3] The Court notes, however, that Respondent argues that Leichty failed to fully exhaust his *Miranda* claim because he did not raise the federal nature of it to the Alaska courts. Because, as discussed *infra*, Leichty is not entitled to relief on the merits of the claim, the Court declines to address Respondent's exhaustion argument. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

[4] Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition must "specify all grounds for relief available to the petitioner [and] state the facts supporting each ground." This Court would have to engage in a tenuous analysis in order to attempt to identify the thrust of Leichty's cursorily-raised claims. Although *pro se* habeas filings must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), such leniency should not place on the reviewing court the entire onus of ferreting out grounds for relief, and "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief," *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[C]ursory and vague claim[s] cannot support habeas relief."); *Jones v. Gomez*, 66 F.3d 199, 204-205 (9th Cir. 1995). Facts must be stated in the petition with sufficient detail

This Court may not consider claims that have not been fairly presented to the State courts. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Specifically, pursuant to 28 U.S.C. § 2254(b)(1)(A) and (B), before a court may grant a Writ of Habeas Corpus on behalf of a person in custody pursuant to the judgment of a State court, the petitioner must either (A) exhaust "the remedies available in the courts of the State" or (B) show "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court.

The Court allowed Leichty an opportunity to address the lack of exhaustion. Docket No. 11. Specifically, the Court provided three options:

> a) voluntarily dismiss the entire Petition without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time-barred under 28 U.S.C. § 2241(d)(1);
>
> b) voluntarily dismiss the aforementioned grounds F, H, and I from the current Petition and elect to proceed only on the *Miranda* claim; **OR**

---

to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Because Leichty failed to articulate these claims or cite facts that would support an inference that his federal constitutional rights may have been violated, Leichty is not entitled to relief on these claims in any event.

-7-

> c) request that the Petition be stayed pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005), if he can show (i) good cause for his failure to earlier exhaust the unexhausted claims in state court; (ii) the unexhausted claims are not plainly meritless; and (iii) he has not engaged in abusive litigation tactics or intentional delay.

*Id.*

The deadline for responding to the Court's order has now passed, and no submission has been received. As the Court cautioned, it will therefore adjudicate Leichty's Petition as submitted, and deny the cursorily-identified grounds for relief as unexhausted and inadequately pled. *See* 28 U.S.C. § 2254(b)(1)(A); *James v. Borg*, 24 F.3d at 26. Accordingly, the Court will address the two grounds for relief that Leichty raised all the way to the Alaska Supreme Court, namely, that his arrest was illegal for lack of probable cause and that the trial court should have suppressed his statements to law enforcement because they were obtained in violation of *Miranda*.

B.  *Unlawful Arrest* (Ground 1)

On direct appeal, Leichty challenged his arrest as unsupported by probable cause and thus in violation of the Fourth Amendment.[5] To the extent Leichty re-raises that claim in these federal habeas proceedings, however, such arguments are precluded by the Supreme Court's decision in *Stone v. Powell*, 428 U.S. 465 (1976). Under *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief will not lie for a claim that evidence recovered through an illegal search or seizure was introduced at trial. The *Stone v. Powell* doctrine applies to all Fourth Amendment claims,

---

[5] The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

-8-

Case 3:19-cv-00283-JKS   Document 12   Filed 05/01/20   Page 8 of 11

including claims of illegal stops, arrests, searches, or seizures based on less than probable cause, and it applies regardless of the nature of the evidence sought to be suppressed. *Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983) (per curiam).

The Ninth Circuit has made clear that all *Stone* requires is that the State provide a petitioner the opportunity to litigate his Fourth Amendment claim. *See Moormann v. Schiro*, 426 F.3d 1044, 1053 (9th Cir. 2005). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Oritz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Alaska provides such an opportunity, AK. R. CRIM. P. 37(c); ALASKA CONST. art. I, § 14. Indeed, the record reflects that the state trial court held a hearing at which defense counsel was afforded the opportunity to be heard, and the underlying claim was briefed before and thoroughly considered by the Alaska Court of Appeals, which issued a reasoned decision rejecting the claim on its merits. Any challenge to Leichty's arrest is therefore not cognizable here.

C. *Miranda Violation* (Ground 2)

Leichty also argued on direct appeal that his statements to law enforcement should have been suppressed because they were obtained in violation of his *Miranda* rights. Leichty averred that his waiver of those rights was not knowing or intelligent, and that his statements were not voluntary, because he was in an alcohol blackout at the time of the interview. The record reflects that the trial court held an evidentiary hearing on Leichty's suppression motion and denied it, concluding that the videotaped interview showed that Leichty "was lucid and responsive and that there was . . . no evidence of alcoholic blackout . . . ."

In *Miranda*, the United States Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. at 444. Under this rubric, an interrogating officer must first advise the potential defendant that he or she has the right to consult with a lawyer, the

right to remain silent and that anything stated can be used in evidence against him or her prior to engaging in a custodial interrogation. *Id.* at 473-74. Once *Miranda* warnings have been given, if a suspect makes a clear and unambiguous statement invoking his constitutional rights, "all questioning must cease." *Smith v. Illinois*, 469 U.S. 91, 98 (1984).

A defendant may waive his *Miranda* rights so long as the waiver is "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception," and "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). A valid waiver of *Miranda* rights depends upon the totality of the circumstances. "The waiver inquiry 'has two distinct dimensions': waiver must be 'voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception,' and 'made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" *Berghuis v. Thompkins*, 560 U.S. 370, 382-83 (2010) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). Although some earlier Supreme Court cases had indicated the government had a "heavy burden" to show waiver, *Berghuis* explained that the burden is not too onerous. *Berghuis*, 560 U.S. at 384. Indeed, the waiver may be implied by conduct, and need not be explicit or written. *Id.* at 383.

> If the State establishes that a *Miranda* warning was given and the accused made an uncoerced statement, this showing, standing alone, is insufficient to demonstrate "a valid waiver" of *Miranda* rights. The prosecution must make the additional showing that the accused understood these rights. Where the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent. . . . As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford.

*Berghuis*, 560 U.S. at 384-85 (citations omitted).

In rejecting Leichty's *Miranda* claim on direct appeal, the Court of Appeal explained:

> We have reviewed the transcript of the interrogation, as well as the videotape, and agree with Judge Wolverton's assessment. During the interview, Leichty appeared alert and responsive. When Detective Vandervalk told Leichty that he was going to read him his *Miranda* rights, Leichty responded that he had "heard 'em a lot." Leichty gave his

-10-

date of birth and Social Security number. He described his activities of the evening, including observing the rape of B.A. Leichty did claim that he had little memory of many aspects of the rape because he was drunk and had blacked out earlier in the evening. But, as Judge Wolverton pointed out, there was simply no evidence that Leichty was in a blackout at the time of the interview. To the contrary, Leichty appeared to be lucid and responsive. We accordingly conclude that Judge Wolverton did not err in finding that Leichty knowingly and intelligently waived his *Miranda* rights and that his statements to the police were voluntary.

*Leichty*, 2009 WL 1039833, at *2.

The record amply supports that the state appellate court properly considered the totality of the circumstances in determining whether Leichty understood and voluntarily waived his *Miranda* rights. That conclusion was not an unreasonable determination of the facts in light of the record. Leichty is thus not entitled to relief on this claim either.

## V. CONCLUSION AND ORDER

Leichty is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: May 1, 2020.

s/James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
Senior United States District Judge